IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY G. HARRIS, #N-57672,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0134-MJR |
| | ) | |
| **WARDEN LEE RYKER, LT. STAFFORD,** | ) | |
| **LT. GOINS, LT. BAYLER, and RACHEL** | ) | |
| **R. NIELSEN,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction

Plaintiff, an inmate currently incarcerated in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of Plaintiff's claims can be dismissed at this point in the litigation.

**B.    Facts**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). Plaintiff has garnered a reputation as a "jailhouse lawyer" and has filed other cases against Defendant Ryker, the Warden at Lawrence, and other prison staff. Plaintiff alleges that the incident in question was orchestrated by Defendant Ryker in retaliation for Plaintiff's lawsuits.

On September 28, 2010, Plaintiff was assaulted by another inmate. Plaintiff did not fight back and reported the incident to Defendant Baylor. Defendant Baylor's disciplinary report regarding the incident inaccurately stated that Plaintiff had pushed his assailant following a verbal altercation, and Plaintiff was brought before the adjustment committee for fighting. On September 30, 2010, Plaintiff had a disciplinary hearing, in which Defendant Goins denied his request to present witnesses, and Defendant Ryker refused his request to take a polygraph test. Plaintiff was found guilty of fighting and sentenced to 30 days of disciplinary segregation. Plaintiff's assailant was also sentenced to disciplinary segregation, but upon his release was rewarded with a job despite the fact that prison rules require that an inmate wait six months following release from segregation before he can be assigned a job.

## C. Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

### 1. Count One: Due Process

Plaintiff makes a number of due process claims. He asserts that he received a false disciplinary report from Defendant Baylor, that his disciplinary hearing was unfair because he did not have the chance to present witnesses or to take a polygraph test, and that he was ultimately found guilty at the insistence of Defendant Ryker. Plaintiff was then sentenced to 30 days in segregation.

The United States Supreme Court has held that prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner 24 hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the

decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

    **a.**     **Witnesses**

Plaintiff alleges that he was not afforded the required "minimal procedural protections" because he was not permitted to call witnesses at his hearing. This right was considered in the *Wilkinson v. Austin* case, where it was determined that a prison has a legitimate interest in controlling individual inmates as well as the prison in general, and that this interest is threatened by allowing inmates to call witnesses to disciplinary hearings, making the potential value of the witness testimony small in comparison to the cost to security. *Wilkinson v. Austin*, 545 U.S. 209, 228 (2005). Where the inquiry draws more on the experience of prison administrators, and where the prison's interest implicates the safety of other inmates and prison personnel, the informal, nonadversary procedures set forth in *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex,* 442 U.S. 1(1979) and *Hewitt v. Helms,* 459 U.S. 460 (1983), provide the appropriate model. *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005).

Were Plaintiff allowed to call witnesses or provide other attributes of an adversary hearing, both the prison's immediate objective of controlling him as a prisoner and its greater objective of controlling the prison could be defeated. This problem, moreover, is not alleviated by providing an exemption for witnesses who pose a hazard, for nothing in the record indicates simple mechanisms exist to determine when witnesses may be called without fear of reprisal. The danger to witnesses, and the difficulty in obtaining their cooperation, make the probable value of an adversary-type hearing doubtful in comparison to its obvious costs. *Id.* at 228. Due process requires that the prison provide Plaintiff the chance to call witnesses *only* when doing so will not unduly jeopardize the safety of the institution or correctional goals. Thus, Plaintiff does not have a constitutional right

to call witnesses. Because he does not have this right, it follows that there has been no constitutional violation in the prison's denial of Plaintiff's request to present witnesses. This portion of Plaintiff's claim for due process violation is denied with prejudice.

      **b.**     **Polygraph Test**

Plaintiff also claims that his hearing was in violation of his due process rights because Defendant Ryker denied Plaintiff's request to take a polygraph test prior to the hearing. Though such a test is admissible in a prison disciplinary hearing, *Lenea v. Lane*, 882 F.2d 1171 (7th Cir. 1989), an inmate is not *entitled* to demand a polygraph test to prove his innocence. *Wilson v. DeRobertis*, 508 F. Supp. 360, 362 (N.D. Ill. 1981); *Jemison v. Knight*, 244 Fed. App'x 39, 42 (7th Cir. 2007); *Freitas v. Auger*, 837 F.2d 806, 812 n. 13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also Outlaw v. Wilson*, No. 07-cv-54, 2007 WL 1295815 (N.D. Ind. April 30, 2007) (inmate had no right to require prison staff to create favorable evidence in the form of a lie detector test).

Due process requires the opportunity to be heard; it does not require access to specialized testing. *Hamilton v. Scott*, 762 F. Supp. 794, 802 (N.D. Ill. 1991) (inmate charged with possession of contraband found in the air duct to his cell has no right to have the contraband examined for his fingerprints); *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976) (Due process does not require a prison to provide a costly test that provides little value). Simply because polygraph tests are available does not necessarily mean that Plaintiff has a constitutional right to utilize this test. Had Plaintiff taken a test, then been denied the opportunity to present this evidence in his hearing, due process would likely be at issue. *Lenea*, 882 F.2d 1171. This is not the case here, however, because Plaintiff did not take the test in the first place, as Defendant Ryker denied Plaintiff's request. As

5

stated above, Defendant Ryker is not required to provide Plaintiff with costly measures to give him the opportunity to disprove guilt. It is enough that Plaintiff had a disciplinary hearing in which he was able to present other evidence regarding his guilt; there is no constitutional violation simply because Plaintiff was unable to utilize this particular method. For these reasons, this portion of Plaintiff's complaint is dismissed with prejudice.

    c.    **<u>Finding of Guilt</u>**

Plaintiff alleges that his disciplinary hearing was further flawed because, instead of considering the evidence present to make a determination of Plaintiff's guilt or innocence, Defendant Goins and the rest of the adjustment committee found Plaintiff guilty because Defendant Ryker insisted that they do so. Due process requires the adjustment committee consider the evidence when making a determination of Plaintiff's guilt. The standard for reviewing a decision of a disciplinary hearing is low, as the Seventh Circuit requires only that the decision of the disciplinary hearing board be supported by "some evidence" *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994), which means that the decision of the hearing board has to have some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

Though this is a low standard, Plaintiff argues that it has not been met in this case, because he was found guilty based on the direction of Defendant Ryker, and not based on the evidence. There is a presumption that administrative review boards have acted properly in proceedings such as this one, and often claims such as this one are dismissed in later stages of the proceedings for lack of support, *see Higgason v. Lemmon*, 6 F. App'x 433, 435 (7th Cir. 2001) (inmate's unsupported allegations that prison disciplinary board was ordered to find inmate guilty was insufficient to overcome presumption that board discharged duties properly); *Snell v. Jackson*, No.

6

04-73883-DT, 2006 WL 212025, at *3-5 (E.D. Mich. Jan. 25, 2006). However daunting this presumption may prove to be, it is a consideration for a later time, as it is enough that Plaintiff has alleged that Defendant Goins and Defendant Ryker acted improperly in causing him to be found guilty. Where a complaint complies with federal rules, in that it provides a short and plain statement of the facts, it cannot then be dismissed for failure to sufficiently allege facts that prove the claim(s) alleged. FED. R. CIV. P. 8; *see Nance v. Vieregge*, 147 F.3d 589, 590-91 (7th Cir. 1998) (complaint need not plead facts to establish that the claim(s) are sufficiently valid). At the pleadings stage, a plaintiff need only state enough of the bare facts in the complaint to apprise the defendants of the claims brought against them. *Beanstalk Group Inc. v. AM General Corp.,* 283 F.3d 856, 863 (7th Cir. 2002); *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999). Plaintiff has sufficiently alleged that Defendants Goins and Ryker acted impermissibly in finding him guilty without properly considering the evidence in his disciplinary hearing, and for this reason, this claim cannot be dismissed at this time.

### d. False Disciplinary Report

Plaintiff claims that his rights were violated when Defendant Bayler wrote him a disciplinary ticket for fighting, which subsequently lead to a disciplinary hearing. Plaintiff alleges that he was attacked by another inmate, that he was not fighting, and that Defendant Bayler knew this. Plaintiff claims that these false statements amount to a violation of due process.

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539

(1974). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

In the instant complaint, Plaintiff argues that he was *not* provided the procedural protections outlined in *Wolff* because he was denied the use of witnesses, a polygraph test, and was ultimately found guilty by the adjustment committee because Defendant Ryker insisted. A plaintiff states a claim for violation of procedural due process rights when he alleges that defendants have filed and/or approved disciplinary tickets, reports, and other documents that contain false charges that are not supported by any evidence. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000); *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Plaintiff has sufficiently made these allegations, in that he claims that Defendant Bayler was aware that Plaintiff was not fighting, but wrote the disciplinary ticket regardless, and that he was denied an impartial disciplinary hearing because Defendant Ryker ordered Defendant Goins to find Plaintiff guilty. As discussed above, *Wolff* requires that a disciplinary committee make an impartial decision, and Plaintiff argues that because Defendant Ryker ordered the committee to find him guilty, the decision was not an impartial one. Plaintiff alleges that the disciplinary ticket contained false statements, that he was denied the due process requirements of *Wolff*, and that he was ultimately found guilty without consideration of the evidence of his actual guilt or innocence. Thus, Defendant Bayler's false ticket was the catalyst for the denial of Plaintiff's claim for violation of due process. These allegations are sufficient to state a claim for violations of procedural due process against Defendant Bayler for the filing of a false disciplinary ticket.

The issuance of these documents containing false statements rises to a substantive due

process violation where the charges were allegedly fabricated in retaliation for the plaintiff's exercise of a constitutional right. *Id.* at 1402-03; *see Cain v. Lane*, 875 F.2d 1139, 1145 (7th Cir. 1988); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (stating that the filing of a false disciplinary charge against a prisoner is actionable under §1983 where it is done for retaliatory purposes). As discussed in further detail below, Plaintiff claims that Defendant Bayler wrote the disciplinary ticket in an attempt to retaliate against him for filing civil rights law suits. Inmates have a First Amendment right to file legitimate suits against prison officials, and those officials may not retaliate against an inmate for exercising his rights. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). Thus, Defendant Bayler's filing of a false disciplinary may state a claim for substantive due process violations as well.

In sum, Plantiff's claims against Defendant Bayler for procedural and substantive due process violations cannot be dismissed at this time.

### e. Segregation

Plaintiff claims that his placement in segregation violates due process, which is separate from the validity of his disciplinary hearing. The United States Supreme Court has held that when a plaintiff brings an action for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of the law. *Zinerman v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of segregatory confinement impose "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Seventh Circuit has recognized that inmates have no protected liberty interest in

9

remaining in the general prison population, and that holding an inmate in segregation does not alone create hardship. *See, e.g.*, *Thomas v. Ramos*, 130 F.3d 1173, 1175-76 (7th Cir. 1997) (finding that seventy days in segregation was not atypical and significant hardship); *Wagner v. Hanks*, 127 F.3d 1173, 1175 - 76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (finding six months in segregation not an atypical and significant hardship). Plaintiff does not allege that his stay in segregation was particularly burdensome. He does not allege that he was mistreated while in segregation, or that he was denied property, meals, or other common complaints. The Seventh Circuit has stated that confinement in segregation alone does not implicate the due process clause. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005); *Hoskins v. Lenear*, 395 F.3d 372, 374 (7th Cir. 2005).

To summarize, this portion of Plaintiff's claim involves only his physical location in the prison (the segregation unit); he does not allege that his stay there imposed "atypical and significant hardship" upon him as compared to general prison life; and he does not have a constitutional right to remain in general population. For these reasons, Plaintiff has not stated a claim that his placement in segregation violated his constitutional rights, so this portion of Plaintiff's claim is dismissed with prejudice.

   2.   **Count Two: Retaliation**

Plaintiff asserts that prison officials caused another inmate to attack him and then denied him due process during a disciplinary hearing in retaliation for filing numerous lawsuits, in violation of his rights under the First Amendment. Prisoners have a First Amendment right to free speech. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987). Restrictions on that right will be upheld only if they are

"reasonably related to legitimate penological interests." *See Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000).

Furthermore, prison officials may not retaliate against an inmate for exercising his First Amendment rights. Conduct undertaken in retaliation for an inmate's exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliatory transfer for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (retaliation for filing suit); *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.3d 644 (7th Cir. 1987)("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act when taken for different reasons would have been proper")); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000)(citation omitted). In the instant case, at the time of the incident, Plaintiff had a reputation as a "jailhouse lawyer" and had previously filed several suits against prison officials, including a pending case against Defendant Ryker. Plaintiff alleges that Defendant Ryker and his staff – Defendants Baylor, Stafford, and Goins – staged a fight between Plaintiff and another inmate, falsified the disciplinary report, found Plaintiff guilty without considering the actual evidence, and

11

sentenced him to disciplinary segregation. All these actions were allegedly taken in retaliation for Plaintiff's exercise of his constitutionally protected right to have complaints heard in a court of law. These events did not occur until after Plaintiff filed suit against Defendant Ryker and other prison officials. Plaintiff claims that the actions of Defendants Ryker, Gains, Baylor, and Stafford were taken in close proximity to his filing of lawsuits, so as to draw attention to the timing of these events. *See Zimmerman,* 226 F.3d at 574 (reversing district court's § 1915A dismissal because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act"). Such a chronology arguably presents a colorable claim of retaliation; therefore, the Court is unable to dismiss this claim at this point in the litigation.

## C. **Unspecified Parties:**

Though Plaintiff names Defendant Nielsen in the caption of his complaint, he fails to raise claims against her elsewhere in his complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against this Defendant.

The reason that Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are

directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not raised claims against Defendant Nielsen other than naming her in the caption of his complaint, he has not adequately stated claims against her, or put her on notice of any claims that he may have against her. For this reason, Defendant Nielsen will be dismissed from this action without prejudice.

**D.** **Disposition**

Because Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this action, but instead has paid the filing fee, the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants. It is Plaintiff's responsibility to have Defendants **RYKER, GAINS, BAYLER,** and **STAFFORD** served with a summons and copy of the complaint pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that only a non-party may serve a summons. FED. R. CIV. P. 4(c)(2). The Court recognizes that, as Plaintiff is incarcerated, he may have difficulty effectuating service within the 120-day time limit imposed by Federal Rule of Civil Procedure 4(m). If Plaintiff desires to request the appointment of the United States Marshal to serve process on the Defendants, Plaintiff shall file a motion for service of process at government expense, within **45 days** of the date of entry of this order. The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for Defendants **RYKER, GOINS, BAYLER,** and **STAFFORD**. The Clerk shall forward the

summonses and sufficient copies of the complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.

Plaintiff is **ORDERED** to serve upon Defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED this 3rd day of August, 2011**

                                            s/    MICHAEL J. REAGAN
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**