# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY G. HARRIS, #N-57672, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11–cv–134–MJR–SCW ) |
| DERWIN L. RYKER, RUSSELL GOINS, RANDALL BAYLER, and BRIAN STAFFORD, | ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Response to Defendant's Claim of Affirmative Defenses and Qualified Immunity (Doc. 19) which this Court has construed as a motion to strike. Specifically, Plaintiff seeks to strike Defendant's claims of qualified immunity and claims regarding the 11th Amendment. Plaintiff argues that Defendants are not entitled to qualified immunity because they did not act in good faith and had knowledge of the law when they violated his constitutional rights. Plaintiff also argues that he suffered physical injuries and should be able to recover for those. Defendants have filed a Response to Plaintiff's motion (Docs. 21 & 22). Based on the following, the Court **DENIES** Plaintiff's motion.

**Federal Rule of Civil Procedure 12(f)** provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **FED.R.CIV.P. 12(f)**. It is, of course, "the general rule that motions to strike are disfavored. This is because motions to strike potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, **883 F.2d 1286, 1294 (7th Cir. 1989)**. However, where a motion to strike "removes unnecessary clutter from the case [it] serve[s] to expedite, not delay." *Id*. Ordinarily, defenses will not be struck if they are

sufficient as a matter of law or if they present questions of law or fact." *Id*. As defenses are pleadings they are subject to all of the requirements in the **FEDERAL RULES OF CIVIL PROCEDURE** and will not be stricken unless insufficient on their face. *Id*. All that is required is that a pleading, including an affirmative defense, set forth a "short and plain statement." *Id*. **(citing FED.R.CIV.P. 8(a)).**

Here, Defendants have raised the defenses of qualified immunity and those defenses based on 11th Amendment and 42 U.S.C. § 1997e(e). Each affirmative defense meets the requirements of setting forth a short and plain statement of the defenses and thus are adequate defenses to present at this time. While Plaintiff argues that Defendants are not entitled to these defenses because they acted in bad faith or because he was caused injuries, as Defendants point out, Plaintiff merely contradicts the factual basis for the defenses, but has not shown that the defenses fail to present questions of law and fact. Thus, Defendants affirmative defenses have been adequately pled and Plaintiff has failed to meet his burden that the defenses lack issues of fact or law. Accordingly, the Court **DENIES** Plaintiff's construed motion to strike affirmative defenses.

**IT IS SO ORDERED**.

DATED: October 7, 2011

> */s/Stephen C. Williams*
> STEPHEN C. WILLIAMS
> United States Magistrate Judge