IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY G. HARRIS, #N-57672,   )
        Plaintiff,   )
    )
vs.   )   Case No.   11-134-SCW
    )
DERWIN L. RYKER, RUSSELL GOINS,   )
RANDALL BAYLER, and BRIAN   )
STAFFORD,   )
    )
        Defendants.

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This matter is before the Court on dueling summary judgment motions filed by both Plaintiff and Defendants. Plaintiff first filed his motion for summary judgment (Docs. 67 & 72) on October 1, 2012 seeking summary judgment on both his retaliation and due process claims against Defendants. Defendants filed a Response to Plaintiff's motion (Doc. 74 & 75). Defendants also filed a summary judgment motion of their own seeking summary judgment on Plaintiff's two claims (Docs. 70 & 71). Plaintiff has filed a Response to that motion (Doc. 73) as well as a supplement containing further exhibits (Doc. 77).[1] Based on the findings below, the Court **DENIES** Plaintiff's motion for summary judgment (Doc. 67) and **GRANTS IN PART AND DENIES IN PART** Defendants' summary judgment motion (Docs. 70 & 71).

---

[1] Plaintiff recently filed a Motion to Supplement the Record in Opposition to Defendants' Motion for Summary Judgment (Doc. 77). The Court **GRANTS** that motion and will take Plaintiff's submitted exhibits under advisement in conjunction with the other materials produced in support of Plaintiff's briefing.

## II. Factual Background

This matter stems from events which took place while Plaintiff was housed at Lawrence Correctional Center. Prior to being transferred to Lawrence Correctional Center, Plaintiff alleges he was known as a jailhouse lawyer and was transferred to Lawrence in retaliation for having filed numerous grievances and lawsuits at Pinckneyville Correctional Center (Doc. 73 Ex. 2 at ¶ 1). Plaintiff continued to file grievances while at Lawrence Correctional Center. On September 28, 2012, Plaintiff was engaged in a fight with another inmate, Richard Fox. Plaintiff alleges that Fox assaulted Plaintiff at the direction of Defendant Randall Bayler (Doc. 73 Ex. 2 at ¶ 5). Plaintiff offers the testimony of Maurice Wilson who testified that he heard Defendant Bayler instruct Fox to assault Plaintiff (Doc. 72 at p. 7). Wilson testified that he heard Bayler tell Fox to get Plaintiff to hit Fox so that Bayler could "charge that smart ass jailhouse lawyer with assault" (*Id.*). After the assault occurred, Plaintiff informed Defendant Bayler of the assault and requested to report the incident to internal affairs (Doc. 71-8 at pp. 5-6). Bayler determined that the incident was a fight by what the parties told him: that after a verbal argument, Fox punched Plaintiff and Plaintiff grabbed Fox's back (*Id.* at p. 14). Richard Fox also testified that he punched Plaintiff after a verbal argument and in response to Plaintiff shoving him (Doc. 72 Ex. 2 at 7, 10-11, 14)

In response to the fight, Plaintiff was charged with Fighting. Plaintiff's disciplinary charge of Fighting was heard by the Adjustment Committee at which time Plaintiff was found guilty and sentenced to one month C grade and thirty days in segregation (Doc. 1-2 at pp.3-4). Defendants maintain that Plaintiff was found guilty based on the evidence, including the disciplinary report, health care information, and Plaintiff's own information (Doc. 71-2 at ¶ 22; 71-9 at pp. 16-18, 22-23). Plaintiff maintains that he was denied a request to call witnesses.

### III. Summary Judgment Standard

Summary Judgment is proper only "if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Dynegy Mktg. & Trade v. Multi Corp., 648 F.3d 506, 517 (7th Cir. 2011) (internal quotation marks omitted)(citing FED.R.CIV.P. 56(a)); see also Ruffin-Thompkins v. Experian Information Solutions, Inc., 422 F.3d 603, 607 (7th Cir. 2005).** The party seeking summary judgment bears the initial burden of demonstrating - based on the pleadings, affidavits, and/or information obtained via discovery - the lack of any genuine issue of material fact. **Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).**

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(quoting FED.R.CIV.P. 56(e)(2)).** A fact is material if it is outcome determinative under applicable law. **Anderson, 477 U.S. 242, 248 (1986); Ballance v. City of Springfield, Illinois Police Department, 424 F.3d 614, 616 (7th Cir. 2005); Hottenroth v. Village of Slinger, 388 F.3d 1015, 1027 (7th Cir. 2004).** A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." **Anderson, 477 U.S. at 248.** "A mere scintilla of evidence in support of the nonmovent's petition is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion." **Albiero v. City of Kankakee, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted).**

On summary judgment, the Court considers the facts in the light most favorable to the non-movant. **Srail v. Vill. of Lisle, 588 F.3d 940, 948 (7th Cir. 2009).** The Court adopts reasonable inferences and resolves doubts in the nonmovant's favor. **Id.; Nat'l Athletic**

***Sportswear, Inc. v. Westfield Ins. Co.,* 528 F.3d at 512.** Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." ***Spiegla v. Hull,* 371 F.3d 928, 935 (7th Cir. 2004).** *See also **Anderer v. Jones**,* **385 F.3d 1043, 1064 (7th Cir. 2004).**

## IV.    Analysis

### A.    Due Process

Plaintiff alleges that Defendants violated his due process rights by Defendant Bayler filing a false disciplinary ticket, Defendants failing to call his witnesses at the disciplinary hearing, and finding him guilty due to the insistence of Defendant Ryker. Defendants argue that they are entitled to summary judgment on Plaintiff's due process claims because he never had a right to due process safeguards on his discipline and, even if his rights to due process arose, Defendants provided him with all that due process requires.

An inmate is entitled to due process protections before being deprived of a constitutionally protected interest in liberty. ***Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005).** Prison disciplinary hearings satisfy such protection requirements when an inmate is provided: (1) notice of the charge against the prisoner twenty four (24) hours priors to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See **Wolff v. McDonnell*, 418 U.S. 539, 563-69, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).** In addition to these requirements, the decision of the disciplinary board must be supported by "some evidence." ***Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).** In analyzing this requirement, a court must determine whether the

decision has some factual basis. **Webb v. Anderson, 224 F.3d 649 (7th Cir. 2000).**

However, such protections are only required when a prisoner is being deprived of a constitutional liberty interest. Punishments such as a demotion in grade or commissary restriction do not amount to a constitutional deprivation. **Thomas v. Ramos, 130 F.3d 754, 762 n. 8 (7th Cir. 1997).** Further, a term of disciplinary segregation *may* not rise to the level of a constitutional deprivation of a liberty interest, depending on the length of disciplinary confinement and the conditions of that confinement. **Marion v. Columbia Corr. Inst., 559 F.3d 693, 697-98 (7th Cir. 2009).** Thus, the first question the Court must ask is whether the prisoner has been deprived of a constitutionally protected liberty interest that would entitle him to due process protections. **Lekas, 405 F.3d at 607.**

Here, as a result of the disciplinary report and findings at the hearing, the parties agree that Plaintiff was disciplined with a demotion in grade and a sentence of thirty days in segregation. Demotion in grade do not amount to constitutional deprivations. **Thomas, 130 F.3d at 762 n.8.** Thus, as a sentence of disciplinary segregation was the only action that Plaintiff received which could amount to a constitutional deprivation, the Court must determine if the segregation conditions amounted to an "atypical and significant hardship…in relation to the ordinary course of prison life." **Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).** "The key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general population. **Wagner v. Hanks, 128 F.3d 1173, 1775 (7th Cir. 1997).** In order to determine if a sentence of segregation amounts to an "atypical and significant hardship" the Seventh Circuit has instructed that the court must look at "the duration of the segregative confinement and the conditions endured by the prisoner during that period." **Marion, 559 F.3d at 698.**

The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. **Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); Townsend v. Fuchs, 522 F.3d 765, 766, 772 (7th Cir. 2008) (59 days); Hoskins v. Lenear, 395 F.3d 372, 374-75 (7th Cir. 2005); Sandin, 515 U.S. at 486, 115 S.Ct. 2293 (thirty (30) days did not constitute an atypical or significant deprivation); Thomas v. Ramos, 130 F.3d 754, 761 (7th Cir. 1997) (70 days).** The Seventh Circuit has noted in these types of cases, where a prisoner is subject to only a short duration in segregation, the Court has routinely "affirmed dismissal without requiring a factual inquiry into the conditions of confinement." **Marion, 559 F.3d at 698.**

Here, Plaintiff was subjected to only thirty days in disciplinary segregation as a result of his disciplinary hearing. Such duration is not enough to arise to a level of an atypical and signification hardship. And even if a factual inquiry into the conditions of segregation were required, which it is not given the short duration Plaintiff spent in segregation, Plaintiff has failed to offer any evidence as to the conditions of his confinement. Thus, the Court finds that Defendants are entitled to summary judgment on Plaintiff's due process claims because his discipline did not rise to a liberty interest which would have entitled Plaintiff to due process protections. Accordingly, the Court **GRANTS** summary judgment on Plaintiff's due process claim against Defendants. Thus, the Court also **DENIES** Plaintiff's summary judgment on these same issues.

**B.      Retaliation**

Plaintiff's Complaint also alleges that Defendants Ryker, Baylor, Stafford, and Goins staged a fight between inmate Richard Fox and Plaintiff so that they could write a false disciplinary ticket against Plaintiff and punish him in retaliation for his being a jailhouse lawyer. Plaintiff maintains that he was being punished for writing grievances and filing a lawsuit about being

transferred to Lawrence Correctional Center in retaliation for being a jailhouse lawyer. Defendants maintain that they are entitled to summary judgment on his claims because there is no evidence that they had any knowledge of Plaintiff's filings.

A prisoner has a right under the First Amendment to challenge the conditions of his confinement by filing grievances, and prison officials are not allowed to retaliate against an inmate for exercising his First Amendment Rights. **See DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000)(citing Babcock v. White, 102 F.3d 267, 274-75 (7th Cir. 1996)).** In order to establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he was "engaged in activity protected by the First Amendment" and that he "suffered a deprivation that would likely deter First Amendment activity in the future." **Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).** Plaintiff must also demonstrate that "his speech was at least a motivating factor in the [defendant's] action" in order to make his *prima facie* case. **Zellner v. Herrick, 639 F.3d 371, 378-79 (7th Cir. 2011) (citing Massey v. Johnson, 457 F.3d 711, 716 (7th Cir. 2006)).** However, once Plaintiff has made his *prima facie* case, the burden shifts to defendant "to rebut with evidence that the [defendant's animus] though a sufficient condition was not a necessary condition of the conduct, i.e. it would have happened anyway." **Greene v. Doruff, 660 F.3d 975, 980 (7th Cir. 2011).** Plaintiff "must then demonstrate that the defendant's proffered reasons for the decision were pretextual and that the retaliatory animus was the real reason for the decision." **Zellner, 639 F.3d at 379.** At the summary judgment stage of proceedings, "mere speculation" on the plaintiff's part is insufficient; instead, a plaintiff must come forward with some evidence of causation. **Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 544 F.3d 752, 757 (7th Cir. 2008).**

Plaintiff alleges that Defendants Goin, Ryker, and Stafford retaliated against him by

causing another inmate to attack him and then denying him due process in the subsequent disciplinary hearing. As to the claim that Defendants conspired to or caused another inmate to attack Plaintiff, Plaintiff has failed to offer any evidence that they participated in the attack on Plaintiff by Richard Fox or that they somehow encouraged or conspired to have Richard Fox attack Plaintiff. The only evidence Plaintiff offers about prison officials causing another inmate to attack him, relates to Defendant Bayler, who Plaintiff offers evidence that he instructed Fox to attack Plaintiff. However, Plaintiff does not offer evidence that Goins, Ryker, or Stafford participated in this action.

Instead, Plaintiff offers deposition testimony from Ryker and Stafford which Plaintiff says contradicts each other. Plaintiff points out that Ryker testified that Internal Affairs would investigate the allegations made by Plaintiff about the assault on him. However, Plaintiff points out that Stafford testified that the Warden, Defendant Ryker at the time, would decide who receives the incident reports. However, this evidence does not show that Ryker or Stafford participated or encouraged the assault on Plaintiff. At most, it shows a disagreement about the procedures of Internal Affairs investigations, not retaliation on the part of Ryker or Stafford.

Further, Plaintiff has failed to offer any evidence that either Ryker, Stafford, or Goins knew about Plaintiff's protected first amendment activities. Plaintiff alleges that he was attacked because he was a jailhouse lawyer and had written many grievances since coming to Lawrence Correctional Center. However, neither Ryker nor Stafford had knowledge of Plaintiff's lawsuits or that Plaintiff was a jailhouse lawyer, and Plaintiff fails to offer any evidence to show that they or Defendant Goins had knowledge of his lawsuits (Doc. 71-10 at p.11; 71-3 at pp. 35-37[2]). Thus, the Court finds no issues of material facts as to Defendants Goins, Ryker, or Stafford, nor is there any evidence that they retaliated against Plaintiff. Thus, Defendants are entitled to summary judgment on that claim.

---

[2] Ryker testified that he did not know Plaintiff while he was at his institution (Doc. 71-3 at p.10).

The Court also finds that Defendants are entitled to summary judgment on Plaintiff's claim that Defendants Goins, Ryker, and Stafford retaliated against him by denying him certain due process rights at the disciplinary hearing. As the Court previously stated, there is no evidence that the Defendants knew about Plaintiff's history of filing grievances or his being a jailhouse lawyer. While Plaintiff maintains that Defendant Ryker encouraged the Adjustment Committee to find Plaintiff guilty of the fighting charge, there is no evidence that Ryker had any involvement with the Adjustment Committee. Ryker testified that while, as Warden, he or a designee reviews the committee's finding, the Adjustment Committee is separate and has a hearing and makes decisions separately from Defendant Ryker (Doc. 71-3 at pp. 47-48, 50). Further, Defendant Ryker did not sign off on the committee's findings, but his designee reviewed the findings and signed off on the discipline (*Id.* at p. 51).

Plaintiff also makes much of that fact that Defendant Ryker knew when he transferred to the institution that Plaintiff was a problem prisoner because of the unusual way and date that Plaintiff was transferred on. However, while Defendant Ryker admitted that a transfer on a Tuesday would be unusual, he did not recall Plaintiff being transferred or anything about Plaintiff prior to this lawsuit (*Id.* at p.10). Even if Defendant Ryker knew of Plaintiff's transfer and believed it to be unusual, nothing about the transfer or any of the other evidence Plaintiff points too shows that Defendant Ryker retaliated against Plaintiff by instructing the Adjustment Committee to find Plaintiff guilty of a fighting charge. Accordingly, the Court **GRANTS** summary judgment on the retaliation claim against Defendants Goins, Ryker, and Stafford. Thus, the Court also **DENIES** Plaintiff's summary judgment on these same issues.

However, as to Defendant Bayler, Plaintiff has offered evidence to create an issue of material fact that he set up the fight between Richard Fox and Plaintiff in retaliation for Plaintiff's legal

proceedings. Plaintiff has offered the exhibit of an affidavit of Maurice Wilson, an inmate at Lawrence Correctional Center. In his affidavit, Wilson indicates that he overheard Bayler instructing Fox to attack Plaintiff so that they could "charge that smart ass jailhouse lawyer with assault." (Doc. 72 at p. 7). This contradicts the testimony of both Richard Fox and Defendant Bayler. Fox testified that Plaintiff started the fight after Fox asked him if he was going to take a shower that day (Doc. 72 Ex. 2 at p. 7). In response to Fox's question, Plaintiff shoved Fox which caused Fox to punch Plaintiff in the face (*Id.* at pp. 7, 10-11, 14). Fox testified that was the extent of the fight and that he did not attacked Plaintiff at the direction of any officer (*Id.* at pp. 17-18). Bayler also denied that he spoke with Fox prior to the incident or instructed him to assault Plaintiff (Doc. 71-8 at pp. 28-29, 44). Thus, there is an issue of fact as to whether Defendant Bayler instructed Richard Fox to attack Plaintiff in retaliation for him filing grievances which prevents the Court from entering summary judgment on this claim. The Court, accordingly, **DENIES** Defendant Bayler summary judgment on Plaintiff's retaliation claim.

The Court notes that Plaintiff has also sought summary judgment on the retaliation claim against Defendant Bayler. However, because the Court finds issues of material fact as to Defendant Bayler's involvement in the attack on Plaintiff, the Court, likewise, is prevented from awarding summary judgment to Plaintiff. Defendant Bayler has also pointed to evidence creating an issue of material fact on the retaliation claim, namely his denial that he had any agreement with Richard Fox or provided any type of benefits to Fox for attacking Plaintiff. Thus, the Court **DENIES** Plaintiff summary judgment as to the retaliation claim against Defendant Bayler.

### V.   Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment. The Court **GRANTS** summary judgment on the due

process claim against all Defendants and **GRANTS** summary judgment as to Defendants Ryker, Goins, and Stafford on Plaintiff's retaliation claims.  However, Defendant Bayler is **DENIED** summary judgment on Plaintiff's retaliation claim because there are still issues of material fact.  The Court further **DENIES** Plaintiff's motion for summary judgment.

Thus, the only claim remaining for trial is Plaintiff's retaliation claim against Defendant Bayler.

**IT IS SO ORDERED**.

DATED: January 17, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge